UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRIFFITH, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1092 JCH |
| | ) | |
| STEVE LARKINS, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Shannon Griffith's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On October 20, 2003, a jury in the Circuit Court of St. Charles County, Missouri, found Petitioner guilty of six counts of child molestation in the first degree, three counts of sexual misconduct in the first degree, and one count of child molestation in the second degree. Petitioner was sentenced to a total of thirty-eight years imprisonment. Petitioner's convictions and sentence were affirmed on appeal. See State v. Griffith, 160 S.W.3d 406 (Mo. Ct. App. 2005). With the assistance of trial counsel, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Petitioner was subsequently assigned counsel, who filed an amended Rule 29.15 motion on Petitioner's behalf. Petitioner's Rule 29.15 motion was denied without an evidentiary hearing. The motion court's denial of Petitioner's Rule 29.15 motion was affirmed in part and remanded in part on appeal, and on remand the motion court was instructed to enter specific findings of fact and conclusions of law as to Petitioner's argument that Petitioner's trial counsel was ineffective for failing to object to certain statements the prosecutor made in closing argument. See

Griffith v. State, 233 S.W.3d 774 (Mo. Ct. App. 2007). On remand, the motion court again denied Petitioner's Rule 29.15 motion without an evidentiary hearing. The motion court's denial was affirmed on appeal. See Griffith v. State, 263 S.W.3d 784 (Mo. Ct. App. 2008).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In his petition for writ of habeas corpus, Petitioner raises the following fourteen claims for relief:

(1)    The State failed to present constitutionally sufficient evidence to support Petitioner's convictions and sentences;

(2)    The trial court erred in precluding Petitioner's trial counsel from cross-examining the State's witness Wendy Bouhl about her brother Gerald Bouhl's sexual abuse case and about her knowledge of Petitioner's status as a probationer in a sex-offense case, which denied Petitioner a fair trial and the right to confrontation and cross-examination;

(3)    The trial court erred in precluding Petitioner's trial counsel from calling rebuttal witnesses Mr. Bouhl, Rebecca Hahn[1], and Matt Thornhill, which denied Petitioner right to due process;

(4)    Petitioner's trial counsel was ineffective for eliciting and failing to move to strike Detective Jana Walters's opinion that children the age of the alleged victims do not usually lie about sexual abuse;

(5)    Petitioner's trial counsel was ineffective by adducing live testimony about interviews of the child witnesses and introducing notes from the interviews, transcribed notes from the interviews, interview reports, and videotapes of the interviews;

(6)    Petitioner's trial counsel was ineffective by failing to object to the prosecutor's remarks during closing argument that the prosecution had dismissed all counts that they could not prove beyond a reasonable doubt;

(7)    Petitioner's trial counsel was ineffective by failing to object to the prosecutor's remarks during rebuttal closing argument that Petitioner was a sex offender who would continue to commit sex offenses against children unless he was convicted and put in prison;

(8)    Petitioner's trial counsel was ineffective by failing to endorse Mr. Bouhl, Ms. Hahn, or Mr. Thornhill as trial witnesses;

---

[1]Rebecca Hahn is also referred to as Rebecca Barton in this case.

(9) Petitioner's trial counsel was ineffective by failing to endorse Mr. Bouhl, Ms. Hahn, or Mr. Thornhill as trial witnesses;

(10) Petitioner's trial counsel was ineffective by failing to endorse Ms. Hahn, Donnie Funky, Leo Barton, Chris Mills, Inez "Weezie" Thaller, Ralph Pillar, Margie Williams, and Mr. Bouhl, and Wendy Bouhl's ex-fiancé Brian and ex-husband Chris as trial witnesses;

(11) Petitioner's trial/direct appeal counsel was ineffective by failing to object and preserve on appeal the mistreatment of the Petitioner during trial that prejudiced him in the eyes of the jury;

(12) Petitioner's trial/direct appeal counsel was ineffective by failing to "raise, preserve, and brief" Petitioner's constitutional grievances on appeal;

(13) Petitioner's trial/direct appeal counsel was ineffective by failing to advance on appeal that the jail conditions before and during Petitioner's trial were inhumane; and

(14) Petitioner's trial/direct appeal counsel was ineffective by failing to communicate with Petitioner and provide Petitioner with documents related to his case.

(Petition Under 28 U.S.C. § 2254 For Write of Habeas Corpus By a Person in State Custody ("Petition"), ECF No. 1, pp. 8-63).

**DISCUSSION**

**I. Procedural Default**

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id. (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)).

A federal court cannot reach the merits of a claim that is procedurally defaulted absent a showing of cause and prejudice or a demonstration "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515

U.S. 1163 (1995). A petitioner who makes no claim of actual innocence cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995).

**A.      Grounds 8, 9, 10, 11, 12, and 13**

In Ground 8, Petitioner asserts his trial counsel was ineffective by failing to endorse Gerald Bouhl, Rebecca Hahn, or Matt Thornhill as trial witnesses. (Petition, p. 42).

Ground 9 is identical to Ground 8.

In Ground 10, Petitioner asserts his trial counsel was ineffective by failing to endorse Ms. Hahn, Donnie Funky, Leo Barton, Chris Mills, Inez "Weezie" Thaller, Ralph Pillar, Margie Williams, and Mr. Bouhl, and Wendy Bouhl's ex-fiancé Brian and ex-husband Chris as trial witnesses.

In Ground 11, Petitioner asserts his trial/direct appeal counsel was ineffective by failing to object and preserve on appeal the mistreatment of the Petitioner during trial that prejudiced him in the eyes of the jury.

In Ground 12, Petitioner asserts his trial/direct appeal counsel was ineffective by failing to "raise, preserve, and brief" Petitioner's constitutional grievances on appeal.

In Ground 13, Petitioner asserts his trial/direct appeal counsel was ineffective by failing to advance on appeal that the jail conditions before and during Petitioner's trial were inhumane.

Petitioner failed to raise all of these arguments in his amended Rule 29.15 motion, and thus these arguments were also omitted from his appeal of the denial of his Rule 29.15 motion. Petitioner attempts to establish cause for his procedural default by asserting his post-conviction appellate counsel omitted these issues on appeal of the denial of his Rule 29.15 motion against Petitioner's will or simply failed to raise them at all. The Court notes there is no constitutional right to effective

assistance of post-conviction counsel. Jolly, 28 F.3d at 54 (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)). Furthermore, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, No. 4:03-CV-1662, 2007 WL 803624, at *4 (E.D. Mo. Mar. 13, 2007) (citing Clay v. Bowersox, 367 F.3d 993, 1005-06 (8th Cir. 2004)). Thus, to the extent Petitioner asserts the error of his post-conviction attorney constitutes cause to excuse his procedural default, his argument fails. Id. Additionally, Petitioner has made no claim of actual innocence so as to satisfy the "fundamental miscarriage of justice" exception to the required showing of both cause and prejudice. Therefore, the claims raised in Grounds 8, 9, 10, 11, 12, and 13 of the Petition are procedurally barred and must be denied.

**B. Ground 14**

In Ground 14, Petitioner asserts his trial/direct appeal counsel was ineffective by failing to communicate with Petitioner and provide Petitioner with documents related to his case. Petitioner failed to raise this argument in his amended Rule 29.15 motion, and it was not raised on his appeal of the denial of his Rule 29.15 motion.

Petitioner offers no explanation as to why he failed to raise this issue in state court. Petitioner initially states he did not raise this issue in his direct appeal from his judgment of conviction (Petition, p. 64) and then claims he did raise this issue on direct appeal (Petition, p. 65), despite his acknowledgment that claims of ineffective assistance of counsel are not cognizable on direct appeal. Regardless, Petitioner acknowledges he did not raise this issue in his Rule 29.15 motion, and he provides no reason for his failure to do so. (Petition, p. 64). Thus, Petitioner has failed to show cause as to why he failed to raise this issue in state court. Additionally, Petitioner has made no claim of actual innocence so as to satisfy the "fundamental miscarriage of justice" exception to the required

showing of both cause and prejudice. Therefore, the claim raised in Ground 14 of the Petition is procedurally barred and must be denied.

## II. Claims Addressed on the Merits

### 1. Ground 1

In Ground 1, Petitioner asserts the State failed to present constitutionally sufficient evidence to support Petitioner's convictions and sentences. The Missouri Court of Appeals, Eastern District, denied Plaintiff's claim, finding as follows:

> In his first point on appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal. Defendant asserts that there was insufficient evidence to support his conviction on counts one through five, concerning the incidents of molestation against C.P. Defendant argues that the state did not establish beyond a reasonable doubt that C.P. was touched on the genitals or vagina because she referred only to her "private" during her testimony.
>
> ...
>
> "When a defendant disputes the sufficiency of the evidence to prove sexual contact as an element of sexual abuse, the issue is whether there is at least a reasonable inference that there was the touching of the genitals...of any person...." State v. Wilkins, 872 S.W.2d 142, 145 (Mo. App. 1994). In the present case, C.P. testified that defendant had touched her "private" and her "butt." C.P. stated that she did not know another name for the part of the body she called a "private," but that it was located "in the front" on her body. She was also asked to note on a diagram where the part of the body to which she referred as her "private" was located. Although C.P. did not specifically refer to this body part as her genitals or her vagina, it is a reasonable inference from her testimony that she considered her "private" to be her genitals or vagina. She testified that defendant touched her on her "private" and her butt in his living room and his room, as well as in her room and her living room. Additionally, a video tape of an interview with C.P. was played for the jury at trial. In the interview, C.P. stated that defendant would do the "same thing every time" he touched her on her body parts. Thus, the evidence was sufficient to sustain defendant's convictions. Point denied.

(Resp. Ex. G, pp. 4-5) (footnote omitted).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The Missouri court's ruling, while based on Missouri law, was not contrary to federal law. See Miller v. Lock, 108 F.3d 868, 870 (8th Cir. 1997) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) ("In determining the sufficiency of evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"). While C.P.'s testimony only mentioned Petitioner's touching of her "private" and her "butt" and did not specifically refer to her genitals or her vagina, it is clear C.P. used the term "private" to refer to her genitals or her vagina. Thus, this Court's review of the record reveals the Missouri court's finding was not based on an unreasonable determination of the facts in light of the evidence presented. Ground 1 of the Petition must therefore be denied.

**2. Ground 2**

In Ground 2, Petitioner asserts the trial court erred in precluding Petitioner's trial counsel from cross-examining the State's witness Wendy Bouhl about her brother Gerald Bouhl's sexual abuse case and about her knowledge of Petitioner's status as a probationer in a sex-offense case,

which denied Petitioner a fair trial and the right to confrontation and cross-examination. The Missouri Court of Appeals, Eastern District, denied Plaintiff's claim, finding as follows:

> In his second point on appeal, defendant argues that the trial court erred in excluding the testimony of Smith about her brother, Gerald Bouhl's sex abuse case, and about her knowledge of defendant's probation status as a sex offender because such testimony would have impeached Smith's credibility.
>
> We note that defendant fails to cite a single authoritative source for this argument, other than his citations of authority to support the standard of review of the trial court's decision to admit or exclude evidence. Pursuant to Rule 30.06(d), a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous *with citations of authorities thereunder*." (emphasis added) Where points relied on appear without citations of relevant authority, we are under no obligation to review such issues. *State v. Higgins*, 852 S.W.2d 172, 175 (Mo. App. 1993). "Absent proper explanation concerning why no authority is cited, points relied on without citations are deemed waived or abandoned." Id. However, we may review the point for plain error, which results in a manifest injustice or miscarriage of justice. Id.
>
> Here, the issue of Bouhl's sex abuse case was a collateral matter to defendant's guilt or innocence of child molestation and sexual abuse. Smith's knowledge of Bouhl's alleged involvement in the sex abuse case was irrelevant to her testimony regarding defendant's molestation and misconduct with her daughter and the other children. Therefore, no manifest injustice or miscarriage of justice resulted from the trial court's refusal to allow evidence of Bouhl's case to be elicited on cross-examination of Smith.
>
> In his second point, defendant also complains that the trial court erred in refusing to allow him to cross examine Smith regarding her knowledge of defendant's probationary status. However, defendant's claim is without merit because he was allowed to ask Smith about her knowledge of defendant's probation. Point denied.

(Resp. Ex. G, pp. 5-6).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on defense counsel's cross-examination of prosecution witnesses "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdell, 475 U.S. 673, 679 (1986). Here, Mr. Bouhl's sex abuse case was a collateral matter and Ms. Smith's knowledge of Mr. Bouhl's alleged involvement in the sex abuse case was irrelevant to her testimony regarding Petitioner's actions. This determination by the Missouri court is not contrary to federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Furthermore, Petitioner's trial counsel was permitted to cross-examine Ms. Smith about her knowledge of Petitioner's status as a probationer in a sex-offense case. (See Resp. Ex. A-2, p. 231-32). Ground 2 of the Petition must therefore be denied.

**3. Ground 3**

In Ground 3, Petitioner asserts the trial court erred in precluding Petitioner's trial counsel from calling rebuttal witnesses Gerald Bouhl, Rebecca Hahn, and Matt Thornhill, which denied

Petitioner right to due process.[2] The Missouri Court of Appeals, Eastern District, denied Plaintiff's claim, finding as follows:

> In his third and final point on appeal, defendant claims that the trial court erred in excluding the testimony of Gerald Bouhl and Rebecca Hahn because they were rebuttal witnesses and as such, defendant was not required to disclose these witness.
>
> Pursuant to Missouri Supreme Court Rule 25.05, a defendant is required, upon written request by the state, to disclose the names of witnesses he intends to call. The trial court has discretion to impose sanctions for the failure to comply with the disclosure requirements, and we will reverse the decision of the trial court only where the sanction results in fundamental unfairness to the defendant. State v. White, 847 S.W.2d 929, 931-32 (Mo. App. 1993).
>
> Defendant correctly notes that a witness not previously disclosed may be called to rebut testimony. State v. Collis, 849 S.W.2d 660, 665 (Mo. App. 1993). However, the trial court must determine whether the potential witnesses are correctly categorized as rebuttal witnesses. Id.
>
> In the present case, defendant argues that he intended to call Gerald Bouhl and Rebecca Barton to rebut the testimony of Wendy Smith. However, Bouhl's testimony did not rebut Smith's testimony. Defendant's offer of proof established that Bouhl's testimony focused on his sex abuse case. He did not rebut Smith's testimony about this case, but merely testified similarly as Smith regarding the incident. Additionally, Bouhl testified about an order of protection entered against him involving Barton, which did not rebut any testimony of Smith. Finally, Bouhl testified in the offer of proof that he never saw defendant do anything improper with any of the children in

---

[2]Petitioner raised the issue of the trial court's exclusion of the testimony of Mr. Bouhl and Ms. Hahn on his direct appeal, but he failed to raise the issue of the trial court's exclusion of Mr. Thornhill's testimony. As noted previously, a claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly, 28 F.3d at 53. "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id.

A federal court cannot reach the merits of a claim that is procedurally defaulted absent a showing of cause and prejudice or a demonstration "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner who makes no claim of actual innocence cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup, 513 U.S. at 315. Petitioner offers no explanation as to why he failed to raise this issue in state court, and therefore he has failed to make a showing of cause. Additionally, Petitioner has made no claim of actual innocence so as to satisfy the "fundamental miscarriage of justice" exception to the required showing of both cause and prejudice. As such, Petitioner's claim as to Mr. Thornhill's testimony is procedurally barred and must be denied.

> Smith's home. This clearly goes to defendant's case-in-chief, and is not rebuttal testimony. Because Bouhl was not a rebuttal witness, the trial court possessed broad discretion in determining whether to permit defendant to endorse this witness belatedly. State v. Williams, 853 S.W.2d 371, 373 (Mo. App. 1993). As discussed above, the issue of Bouhl's sex abuse case was largely collateral to defendant's case. As a matter of law, the trial court does not abuse its discretion in refusing to allow the late endorsement of a defense witness whose testimony would have been cumulative or collateral. Id. Thus, the trial court did not abuse its discretion in the present case when it refused to permit the late endorsement of Bouhl.
>
> Defendant also claims that Rebecca Barton was called to rebut Smith's testimony. However, Barton's testimony focused largely on her relationship with Bouhl, and the order of protection against him, as well as the investigation of Bouhl's sex abuse case. Although there was testimony that Barton informed Smith of defendant's probationary status, which could potentially be considered rebuttal testimony, the remainder of the evidence defendant presented in his offer of proof of the testimony of Barton was irrelevant. As the state correctly notes, where an offer of proof contains inadmissible evidence, which includes irrelevant evidence or hearsay, the offer fails in its entirety. State v. Nettles, 10 S.W.3d 521, 525 (Mo. App. 1999). Here, the offer of proof made by defendant contained irrelevant evidence, which could be deemed inadmissible. Thus, the entire offer fails, and the trial court did not abuse its discretion in refusing to allow defendant to present the testimony of Barton to the jury. Point denied.

(Resp. Ex. G, pp. 7-8) (footnote omitted).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. Well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. Holmes v. South Carolina, 547 U.S. 319, 326 (2006). Thus, the Constitution permits judges "to exclude evidence that is 'repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" Id. (quoting Crane v. Kentucky, 476 U.S. 683, 689-90 (1986)).

Here, as indicated by Petitioner's trial counsel's offer of proof, both Mr. Bouhl's testimony and Ms. Hahn's testimony presented evidence that was largely repetitive, irrelevant, and likely to confuse the issues for the jury. Mr. Bouhl's testimony regarding this case was in agreement with Ms. Smith's testimony, and Mr. Bouhl's testimony regarding his sex abuse case and the order of protection Ms. Hahn had entered against him was addressed to collateral matters. (Resp. Ex. A-4, pp. 140-151). Ms. Hahn largely testified about her relationship with Mr. Bouhl and the order of protection she had entered against Mr. Bouhl. (Resp. Ex. A-3, pp. 50-63). The exclusion of these witness by the Missouri court was not contrary to federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Ground 3 of the Petition must therefore be denied.

**4. Ground 4**

In Ground 4, Petitioner asserts trial counsel was ineffective for eliciting and failing to move to strike Detective Jana Walters's opinion that children the age of the alleged victims do not usually lie about sexual abuse. The Rule 29.15 post-conviction motion court denied the claim as follows:

> 1. The first point of movant's amended motion states that his trial counsel, William James O'Herin, was ineffective for eliciting and failing to move to strike Detective Jana Walters' testimony that children the age of the complaining witnesses do not usually lie about

> sexual abuse. Movant asserts in this point that his lawyer made a tactical error in eliciting the testimony on cross examination and then erred by not moving to strike once the witness 'walked through the open door.' In State v. Johnson, 125 S.W.3d 872, 876 (Mo. App. 2003), the Court of Appeals, after noting the strong presumption that counsel provided competent assistance, then asserted that 'tactical errors do not establish ineffective assistance of counsel.' The Court finds that Mr. O'Herin's alleged failures were, at worst, tactical errors, and considered in light of the overwhelming evidence for movant's guilt, the Court also finds they did not affect the eventual outcome. POINT ONE IS DENIED.

(Resp. Ex. J, p. 44).

After the motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion. The Missouri Court of Appeals, Eastern District, denied the claim as follows:

> In his second point, Movant alleges the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because trial counsel was ineffective for eliciting and failing to move to strike Detective's testimony that children the age of the child victims do not usually lie about sexual abuse. We disagree.
>
> Trial counsel asked Detective, "[D]id you ever try to find out if [Mother] was lying about anything?" In response, Detective stated, "Usually a child this age does not lie about sexual touching." Later, during a side bar, trial counsel explained that this question was intended to show that Mother had fabricated the allegations against Movant to obtain money and to protect her brother.
>
> Trial counsel's discussion with the court demonstrates that counsel's line of questioning was part of a defined trial strategy. Reasonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim. Goodwin v. State, 191 S.W.3d 20, 25 (Mo. banc. 2006).
>
> Moreover, the record shows that trial counsel was not ineffective for failing to move to strike Detective's response as trial counsel was attempting to demonstrate the police investigation was incomplete. Later, an expert witness testified that police officers have an obligation to investigate whether children involved in child molestation cases are telling the truth. Because Detective testified that she thought child victims usually do not lie, her words fulfilled a strategic purpose, highlighting a lack of investigation. Therefore, the record supports the motion court's determination that counsel's actions, both in eliciting testimony and in failing to move to strike, were matters of reasonable trial strategy. Accordingly, the motion court did

> not clearly err in denying Movant's post-conviction relief based on ineffective assistance of counsel. Point denied.

(Resp. Ex. M, pp. 4-5) (footnotes omitted).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The Court holds it need not consider whether Petitioner's trial counsel's performance was deficient under the first prong of the Strickland test since Petitioner fails to establish that the result of his trial would have been different absent his counsel's alleged error so as to show the requisite prejudice under the second prong of the Strickland test. Trial counsel's alleged error was the failure to object to a single comment, and there was overwhelming additional evidence of Petitioner's guilt. The Missouri court's finding that the result of the proceeding would likely have been the same absent trial counsel's alleged error was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Ground 4 of the Petition must therefore be denied.

**5. Ground 5**

In Ground 5, Petitioner asserts trial counsel was ineffective by adducing live testimony about state interviews of the child witnesses and introducing notes from the interviews, transcribed notes from the interviews, interview reports, and videotapes of the interviews. The Rule 29.15 post-conviction motion court denied the claim as follows:

> 2. In his second point, movant alleges that Mr. O'Herin was ineffective for adducing Detective Jana Walters [sic] cross-examination testimony about the child victims' prior statements to interviewers at the Assessment Center and for moving to admit Detective Walters' notes. Movant asserts that 'the child victims' videotapes, which were admitted as defendant's exhibits at trial, were the best evidence of child victims' prior statements.' In hindsight, movant notes that Mr. O'Herin's actions bolstered the child victims' credibility. However, questioning the lead investigating officer in search of inconsistent statements or lapses in memory that would affect her credibility is a reasonable trial strategy. If prejudicial testimony was elicited in the process of pursuing that strategy, the Court finds it did not rise to the level of ineffective assistance of counsel. "Counsel is afforded broad latitude as to questions of trial strategy." State v. Johnson, 125 S.W.3d 872, 876 (Mo. App. 2003). POINT TWO IS DENIED.

(Resp. J, pp. 44-45).

After the motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion. The Missouri Court of Appeals, Eastern District, denied the claim as follows:

> In his third point, Movant alleges that the motion court erred in denying post-conviction relief without an evidentiary hearing in that counsel was ineffective because he elicited testimony from the Detective about the child victims' prior statements made to assessment center interviewers and he moved to admit Detective's notes. We disagree.
>
> Parties are entitled to impeach a witness by introducing prior inconsistent statements. Section 491.074 RSMo (2000); Section 536.070 RSMo (2000). Here, the record shows that counsel's actions were designed to impeach the victims' testimony with prior inconsistent statements and to highlight flaws in the police investigation, a particular trial strategy. Reasonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim. Goodwin v. State, 191 S.W.3d 20, 25 (Mo. banc. 2006). Therefore, the motion court did not clearly err in denying Movant's claim for post-conviction relief without an evidentiary hearing. Point denied.

(Resp. Ex. M, p. 5).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

As noted above, in order to prevail on his ineffective assistance of counsel claim under federal law, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The Court holds Petitioner's trial counsel's performance was not deficient under the first prong of the Strickland test. As noted by the Court of Appeals, trial counsel was attempting to impeach the victims' testimony with prior inconsistent statements and to highlight flaws in the police investigation. While trial counsel's attempts may not have been successful, they were part of a reasonable trial strategy. The Court finds trial counsel's decision to elicit testimony from Detective Jana Walters about the victims' prior statements, admit Detective Walters's notes, and admit the videotaped interviews of the victims represented reasonable trial strategy and fell within the "wide range of professionally competent assistance" sanctioned by Strickland. Since Petitioner failed to establish the first prong of the Strickland test, the Court need not evaluate whether Petitioner has established that the result of his trial would have been different absent his counsel's alleged error so as to show the

requisite prejudice under the second prong of the Strickland test. The Missouri court's finding that presenting evidence of the prior interviews of the victims was part of a reasonable trial strategy and did not rise to the level of ineffective assistance of counsel was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. Ground 5 of the Petition must therefore be denied.

**6. Ground 6**

In Ground 6, Petitioner asserts trial counsel was ineffective by failing to object to the prosecutor's remarks during closing argument that the prosecution had dismissed all counts that they could not prove beyond a reasonable doubt. The Rule 29.15 post-conviction motion court denied the claim as follows:

> 3. Finally, movant alleges that his lawyer was ineffective for failing to object when the prosecutor told the jury in closing argument that he had dismissed all the counts that he believed he didn't prove. Movant claims that in doing so, the prosecutor argued facts outside the record. However, the State read the original fourteen charges to the jury during opening statement, which placed them before the jury and into the record. When the final instructions included only twelve charges, and not fourteen, it was reasonable for the prosecutor to explain the change during his closing argument, and the Court finds that his explanation was proper. Even if Mr. O'Herin had objected, the objection would have been overruled as without merit. It is this Court's position that '[c]ounsel will not be deemed ineffective for failing to make nonmeritorious objections." Cardona-Rivera v. State, 33 S.W.3d 625, 628 (2000). POINT THREE IS DENIED.

(Resp. Ex. J, p. 45).

After the motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion. The Missouri Court of Appeals, Eastern District, denied the claim as follows:

> Finally, Movant contends the motion court erred in denying post-conviction relief without an evidentiary hearing because trial counsel was ineffective for failing

to object when the prosecutor told the jury in closing argument that he had dismissed two counts that he believed were not proven. We disagree.

> To establish a claim of ineffective assistance of counsel for failure to object, such objection must be meritorious. Dodds v. State, 60 S.W.3d 1, 5 (Mo. App. E.D. 2001). While a prosecutor may not argue facts outside the record, a prosecutor may "make statements that indicate his opinion of the defendant's guilt, where it is apparent that the opinion is based on evidence in the case." State v. Strong, 142 S.W.3d 702, 724 (Mo. banc. 2004).
>
> Movant contends that an objection would have been meritorious because the prosecutor argued facts outside the record. However, at the beginning of Movant's trial, the original fourteen charges against Movant were read to the jury. Thus, all charges were within the record. In discussing the dismissal of two charges, the State explained to the jury why the original charges differed from those presented to the jury after the close of evidence. An objection to such a statement would have been non-meritorious. Consequently, the motion court did not clearly err in denying Movant's motion for post-conviction relief without an evidentiary hearing. Point denied.

(Resp. Ex. M, pp. 5-6).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

As noted above, in order to prevail on his ineffective assistance of counsel claim under federal law, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,

80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The prosecutor presented a fourteen-count information to the jury as part of the State's opening statement and made repeated references to the fact that the total number of offenses charged was fourteen. (Resp. Ex. A-1, pp. 28-37). During closing argument, the prosecutor discussed Counts 1 through 12 and explained that he had dismissed the other two counts because "I didn't believe we made them." (Resp. Ex. A-4, pp. 206-220). As noted by the Court of Appeals, the prosecutor was properly explaining to the jury why the original charges differed from those presented to the jury after the close of evidence. Since the portion of the prosecutor's closing argument challenged by Petitioner was not improper, the failure of Petitioner's counsel to object did not constitute ineffective assistance of counsel. Counsel cannot be deemed ineffective for failing to make a meritless objection. Scarberry v. Iowa, 430 F.3d 956, 959 (8th Cir. 2005); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir .1994) (per curiam). The Court finds the ruling of the Missouri court did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. See, e.g., Cole v. Roper, 579 F.Supp.2d 1246, 1255 (E.D. Mo. 2008) (quoting Darden v. Wainwright, 477

U.S. 168, 181 (1986)) (habeas relief only appropriate "if a prosecutor's improper closing argument 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"). Furthermore, the Court finds the Missouri court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Ground 6 of the Petition must therefore be denied.

**7. Ground 7**

In Ground 7, Petitioner asserts trial counsel was ineffective by failing to object to the prosecutor's remarks during rebuttal closing argument that Petitioner was a sex offender who would continue to commit sex offenses against children unless he was convicted and put in prison. The Rule 29.15 post-conviction motion court initially denied the claim. On appeal, the Missouri Court of Appeals, Eastern District, remanded this claim back to the motion court for the entry of Findings of Fact and Conclusions of Law.

On remand, the motion court again denied the claim as follows:

> 3. Movant was not denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the defendant has the burden to show: (1) that his trial counsel failed to exercise the degree of care, skill and diligence of a reasonably competent attorney under the circumstances; and, (2) that the alleged deficiency in trial counsel's failure prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2nd 674 (1984). The standard for a claim of ineffective assistance of counsel based upon trial counsel's failure to object is whether the failure to object resulted in a substantial deprivation of the defendant's right to a fair trial. State v. Colbert, 949 S.W.2d 932, 941 (Mo. App. W.D. 1997).
>
> 4. Trial counsel's failure to object during the state's closing argument did not deprive movant of a fair trial. Movant's amended motion asserts that his trial counsel, William James O'Herin, was ineffective for failing to object when the prosecutor, during rebuttal closing argument, stated:
>
> > Look at the whole picture. Look at the whole progress. All of it makes sense. And

he's the one by his own admission to being a convicted sex offender. He's been there before, and he was doing it again. You don't stop being a sex offender ever.

> And that's why you must return guilty verdicts. He deserves to be locked up. He had one chance. He didn't take it. He didn't -- he kept doing it again. You've got to be able to find him guilty, put him in prison where he belongs and get him out of society because as soon as he gets out he's going to be starting all over again. Identify a vulnerable person, build trust, get them to love me.

> (Transcript, Vol. IV, p. 257).

5. Movant asserts that it was improper for the state to speculate as to future possible acts or conduct by defendant and that the state's argument was highly prejudicial, thus depriving movant of his due process rights under the Fifth, Sixth and Fourteenth Amendments. However, the main focus of this rebuttal argument was asking the jury to examine the entirety of the defendant's behavior leading up to the present offenses, as his actions were consistent with grooming the victims and their caretakers in order to perpetrate the crimes. The prosecutor was emphasizing that the movant had been impeached by evidence of his prior convictions for sex offenses. Further, while the state's suggestion that the defendant would be "starting all over again" referred to defendant's behavioral pattern, it did not state that movant would thereafter commit another offense. (Transcript, Vol. IV, p. 257), (Hearing Transcript, p. 8).

6. The Court finds that the argument in question was not an improper reference to future criminal conduct. While it may be reasonable to infer that criminal conduct could potentially follow, nevertheless the prosecutor's statement in context only described activity predating any such criminal conduct. The Court has broad discretion in controlling closing argument, and wide latitude is afforded counsel during their summation. State v. Hill, 808 S.W.2d 882, 887 (Mo. App. E.D. 1991). As the prosecutor's statement, in the context of the argument being presented, described only non-criminal activity, any objection thereto would be merit less [sic] and, accordingly, counsel was not ineffective for failing to make a non-meritorious objection. Cardona-Rivera v. State, 33 S.W.3d 625, 628 (Mo. App. S.D. 2000).

> 7. Further, assuming *arguendo* that the prosecutor's rebuttal argument was an improper reference to future criminal conduct, clearly there was no Strickland prejudice to the defendant. Brief comments made by the prosecution during closing argument, even when referring directly to defendant's future criminal activity, do not prejudice a defendant's right to a fair trial when there is other strong evidence of guilt. State v. Chapman, 939 S.W.2d 135, 140 (Mo. App. E.D. 1996); State v. Dixon, 70 X.W.3d 540, 550 (Mo. App. W.D. 2002). Here, the allegedly objectionable comment was extremely brief and was not the focus of the prosecutor's argument. The evidence of defendant's guilt was overwhelming. The defendant elected to waive his Fifth Amendment rights, whereupon he testified, and was cross-examined, at length. (Transcript, Vol. IV, pp. 1-135). The jury, after hours of testimony, was keenly able, firsthand, to assess his credibility and compare it to that of the child victims. Moreover, because the defendant elected to testify, the jury learned of defendant's prior felony convictions for child molestation and deviate sexual assault. (Transcript, Vol. IV, pp. 19-20, 82) and, further, that defendant was revoked [sic] and sent to prison for five years for probation violations. (Transcript, Vol. IV, p. 20). Clearly the jury found the defendant not credible. Had the jury been influenced by any alleged improper argument it would not have acquitted him on Count IV, child molestation in the first degree, and Count XI, sexual misconduct in the first degree. The prosecutor's brief statement, if improper at all, had no impact on the jury in light of defendant's testimony and disclosed criminal record. Movant has failed to meet his burden of pleading facts showing prejudice. POINT ONE IS DENIED.

(Resp. Ex. O, p. 75-78).

After the motion court found his claim of ineffective assistance of counsel to be without merit on remand, Petitioner advanced the claim on a second appeal. The Missouri Court of Appeals, Eastern District, denied the claim as follows:

> The movant alleges that his trial counsel was ineffective for failing to object to comments made by the prosecutor during rebuttal closing argument that the movant was a sex offender who would continue to commit sex offenses against children unless the jury convicted him and locked him away. Specifically, the movant contends his counsel was ineffective for failing to object to the following argument:
>
>> Look at the whole picture. Look at the whole progress. All of it makes sense. And he's the one by his own admission to being a convicted sex offender. He's been there before, and he was doing it again. You don't stop being a sex offender ever.

> And that's why you must return guilty verdicts. He deserves to be locked up. He had one chance. He didn't take it. He didn't -- he kept doing it again. You've got to be able to find him guilty, put him in prison where he belongs and get him out of society because as soon as he gets out he's going to be starting all over again. Identify a vulnerable person, build trust, get them to love me.

The movant argues that his counsel's failure to object was objectively unreasonable because the prosecutor's argument was improper speculation about the movant's propensity to commit future criminal acts. He maintains that no reasonable trial strategy reason justified trial counsel's failure to object because the prosecutor's argument sought to direct a guilty verdict on the basis of the movant's propensity to commit future sexual offenses, rather than on proof beyond a reasonable doubt of the movant's guilt of the charged offenses. The movant maintains that he was prejudiced by his counsel's failure to object to the prosecutor's argument. He contends that the jurors gave no credence to the movant's denials, that they overlooked his defense arguments, and that they entered guilty verdicts on the basis of the movant's propensity to commit child sex offenses, rather than on the basis of proof beyond a reasonable doubt. The movant argues that, had counsel objected, there is a reasonable probability that the objection would have been sustained, and that the jurors, untainted by the argument, would have had reasonable doubt about his guilt.

In denying relief, the motion court found that the prosecutor's argument was not an improper reference to future criminal conduct. The court noted that the argument only described non-criminal activity, and that the prosecutor did not explicitly state that the movant would thereafter commit another offense. The court further found that even if the prosecutor's argument was improper, the argument did not prejudice the movant because the argument was brief and the evidence against the movant was overwhelming. The motion court also noted that the movant had testified in his own defense, disclosing to the jury his prior criminal record for child molestation and deviate sexual assault, and that in light of the movant's testimony, the prosecutor's closing argument would have had no impact on the jury. Finally, the motion court also noted that had the closing argument influenced the jury, the jury would not have acquitted the movant on two of the charges.

It is improper for a prosecutor to argue as to a defendant's criminal proclivities and the necessity of preventing him from committing further crimes. ***State v. Raspberry***, 452 S.W.2d 169, 172 (Mo. 1970). "Under our system of criminal jurisprudence, the prosecuting attorney occupies a quasi-judicial position with reference to the prosecution of a criminal offense." ***State v. Heinrich***, 492 S.W.2d 109, 114 (Mo. App. 1973). "He has the right and duty to prosecute with vigor and present all of the admissible evidence and legitimate arguments at his command showing guilt." ***Id.*** But no less a duty rests upon him to insure a fair and impartial trial for each defendant – "based on facts, not guesswork; legitimate inference from facts, not prejudice; cool analysis and decision, not passion." ***Id.*** The prosecutor should not "attempt to inflame the passions or prejudices of the jury against the

defendant." ***State v. Swenson***, 551 S.W.2d 917, 919 (Mo. App. 1977). Our courts have laid down specific guidelines as to permissible argument by the prosecutor. ***Heinrich***, 492 S.W.2d at 114. It is not proper argument for a prosecutor to speculate as to the future possible acts or conduct of the defendant. ***Id.***; ***State v. Dixon***, 70 S.W.3d 540, 550 (Mo. App. W.D. 2002). "In particular, it is error for a prosecutor to speculate about a defendant's 'propensity to commit future criminal acts.'" ***Dixon***, 70 S.W.3d at 550 (quoting ***State v. Reynolds***, 997 S.W.2d 528, 532 (Mo. App. 1999)). A defendant is on trial for what he has or has not done; not for what he might do. ***Raspberry***, 452 S.W.2d at 172.

The complained-of argument in this case obviously violated the permissible guidelines for the State's arguments in criminal proceedings. The prosecutor, by his argument, implied that the jury should "put him [the movant] in prison" and "get him out of society" to prevent the movant from committing further crimes. Although in making his argument, and in particular the comment that defendant would be "starting all over again," the prosecutor did not specifically state that the movant would thereafter commit another offense, it is reasonable to infer from the prosecutor's argument that criminal conduct could and would potentially follow. We hold that the prosecutor's argument improperly speculated about the movant's propensity to commit crimes in the future. ***See, e.g., Dixon***, 70 S.S.3d at 550 (finding improper the prosecutor's argument to "[s]end [the defendant] to prison for the rest of his life so he's not out raping any other little girls"); ***see also, State v. Joles***, 755 S.W.2d 622 (Mo. App. E.D. 1988) (criticizing prosecutor's argument that the defendant is "going to be doing the same thing again" unless he is convicted and incarcerated); ***State v. Sielfleisch***, 884 S.W.2d 422, 431 (Mo. App. E.D. 1994) (criticizing prosecutor's argument that the defendant will "do the same dern [sic] thing."). The arguments to the contrary by the attorney general are meritless and the failure to acknowledge obvious error disserves the interests of the State. Further, the findings to the contrary by the motion court are clearly erroneous.

Nevertheless, even if we were to find counsel ineffective for failing to make a meritorious objection, the movant here is not entitled to relief because he has not shown prejudice. The complained-of comments were isolated; they were not repeated; nor were the comments the focus or emphasis of argument. Rather, the prosecutor spent the vast majority of his argument reviewing the evidence in the case. There was strong evidence of the movant's guilt. Moreover, the jury acquitted the movant of two of the counts he was facing. These acquittals not only show that the jury considered both the State's and the movant's evidence, but also that the jury was not swayed by the prosecutor's argument. Given this, the brevity of the remarks, and the strong evidence of the movant's guilt, we find no reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different. ***See, generally, Dixon***, 70 S.W.3d at 550 (holding no plain error where prosecutor's improper argument was isolated, not extensive, and where there was strong evidence of the defendant's guilt); ***Joles***, 755 S.W.2d at 624 (finding improper argument did not have decisive effect on jury where there was strong and copious evidence of the defendant's guilt); ***State v. Hurst***, 845 S.W.2d 669, 671 (Mo. App. E.D. 1993)

(finding no prejudice from improper remark where there was overwhelming evidence of the defendant's guilt).

(Resp. Ex. R, pp. 5-8).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

As noted above, in order to prevail on his ineffective assistance of counsel claim under federal law, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The Court holds it need not consider whether Petitioner's trial counsel's performance was deficient under the first prong of the Strickland test, since Petitioner fails to establish that the result of his trial would have been different absent his counsel's alleged error so as to show the requisite prejudice under the second prong of the Strickland test. Trial counsel's alleged error was the failure to object to the prosecutor's allegedly improper speculation about the movant's propensity to commit future criminal acts, and as indicated above, there was overwhelming additional evidence of Petitioner's guilt. Additionally, the jury acquitted Petitioner of two of the charges against him, indicating that the jury weighed the evidence against Petitioner to determine whether the prosecution had proved Petitioner guilty of each charge beyond a reasonable doubt. The Missouri court's finding that the result of the proceeding would likely have been the same absent trial counsel's alleged error was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Ground 7 of the Petition must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this __10th__ day of April, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE